IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIE TATUM, | No. C-10-844 TEH (PR) |
|     Petitioner, | No. C-10-4419 TEH (PR) |
|     v. | ORDER DENYING PETITIONS FOR WRIT OF HABEAS CORPUS; DENYING CERTIFICATES OF APPEALABILITY |
| RANDY GROUNDS, Warden, | |
|     Respondent. | |

Petitioner filed two pro se petitions for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in which he claimed that two separate decisions by the Board of Parole Hearings finding him not suitable for parole in 2008 and 2009 violated his right to due process because they were not supported by sufficient evidence. See Tatum v. Grounds, No. 10-844-TEH (PR) (N. D. Cal. filed Feb. 26, 2010); Tatum v. Grounds, No. 10-4419-TEH (PR) (N. D. Cal. filed Sept. 30, 2010). Both matters have been briefed fully and stand submitted, ready for decision.

The United States Supreme Court recently made clear that in the context of a federal habeas challenge to the denial of

parole, a prisoner subject to a parole statute similar to California's receives adequate process when BPH allows him an opportunity to be heard and provides him with a statement of the reasons why parole was denied. Swarthout v. Cooke, 131 S.Ct. 859, 862-63 (2011) (per curiam). Here, the record in both actions shows Petitioner received at least this amount of process. The Constitution does not require more. Swarthout, 131 S.Ct at 862.

The Court also made clear that whether BPH's decision was supported by some evidence of current dangerousness is irrelevant in federal habeas: "it is no federal concern . . . whether California's 'some evidence' rule of judicial review (a procedure beyond what the Constitution demands) was correctly applied." Swarthout, 131 S.Ct at 863. Accordingly, the instant federal petitions for writ of habeas corpus are DENIED.

Further, as to both actions, Certificates of Appealability are DENIED. See Rule 11(a) of the Rules Governing Section 2254 Cases. Petitioner has not made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Nor has Petitioner demonstrated that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). Petitioner may not appeal the denial of a Certificate of Appealability in this Court but may seek a certificate from the Court of Appeals under Rule 22 of the Federal Rules of Appellate Procedure. See Rule 11(a) of the Rules Governing Section 2254 Cases.

//
//

2

The Clerk shall terminate any pending motions as moot, enter judgment in favor of Respondent and close the files.

IT IS SO ORDERED.

DATED     *03/04/2011*                            _____
                                                  THELTON E. HENDERSON
                                                  United States District Judge

G:\PRO-SE\TEH\HC.10\Tatum-10-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-bph-deny-post cooke.wpd

3